IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY JACKSON, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:22-CV-2852-K-BK |
| | § | |
| S2 RESIDENTIAL, | § | |
|     DEFENDANT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case is referred to the undersigned United States magistrate judge for pretrial management, which includes making findings and a recommended disposition when appropriate. Now before the Court is Plaintiff's *Motion for Summary Judgment*, Doc. 38. For the reasons stated here, the motion should be **DENIED**.

### I. BACKGROUND

In December 2022, Plaintiff, proceeding *pro se*, sued Defendant, the management company for his apartment complex, for allegedly leasing him an apartment which it knew had a pest control problem because he is African-American. Doc. 3 at 1. Plaintiff asserts that as a result of Defendant's racially discriminatory leasing of the apartment, he contracted an infectious disease. Doc. 3 at 2. Citing the federal Fair Housing Act ("FHA") as the legal basis for his claims, he seeks monetary damages from Defendant. Doc. 3 at 1-2; *see also* Doc. 6 at 1 (responding to the Court's questionnaire that he is seeking $120,000.00).

In April 2024, after the close of discovery, Plaintiff filed the motion *sub judice*, arguing that he has "proven his claim" and thus is entitled to summary judgment. Doc. 38 at 1. Defendant filed a response, Doc. 40. Plaintiff did not file a reply.

## II. APPLICABLE LAW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A party moving for summary judgment has the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323 (citation omitted).

## III. ANALYSIS

Plaintiff argues he has proven his claim based on (1) a "video recording" in the record, which he offers to show that Defendant leased an unhabitable apartment to him, and (2) various other unsupported and conclusory assertions. Doc. 38, *passim*.[1] Defendant objects on various evidentiary and procedural bases and alternatively responds that Plaintiff has not met his summary judgment burden. Doc. 40, *passim*. The record supports Defendant's position.

---

[1] By way of example, Plaintiff states, without reference to any supporting evidence, *inter alia*, (1) "[d]esignating problemed [sic] apartments to the Black applicants was common practice for S2 Residential. S2 Residential chose their victims by ethnicity"; (2) Hispanic neighbors paid lower deposits; (3) after the instant suit was fired, the Property Manager was "replaced ... with a Black man"; and (4) "the Plaintiff endured verbal abuse and other unprofessional racist acts from the Leasing Agents." Doc. 38 at 2-3.

2

Fatal to Plaintiff's motion for summary judgment is his failure to offer evidence establishing all of the elements of his claim. Even if Plaintiff is correct as to what the video shows, he still has not offered any competent summary judgment evidence to establish that Defendant took any action *based on his race*. See *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 910 (5th Cir. 2019) (explaining that a defendant cannot be liable for disparate treatment under the FHA without a finding that the protected trait motivated the challenged action) (citation omitted). And Plaintiff's bald assertions do not constitute competent summary judgment evidence.[2] See *Celotex Corp.*, 477 U.S. at 322; *see also Turner v. Kansas City S. Ry. Co.*, 675 F.3d 887, 902-03 (5th Cir. 2012) (stating that statements or arguments from counsel are not competent evidence to support a motion for summary judgment). As such, Plaintiff has not established the absence of a genuine issue of material fact and his entitlement to judgment as a matter of law.

### IV. CONCLUSION

For the foregoing reasons, *Plaintiff's Motion for Summary Judgment*, Doc. 38, should be **DENIED**.

**SO RECOMMENDED** on May 31, 2024.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] To the extent Plaintiff may also be seeking summary judgment based on a disparate impact theory of liability, his motion likewise fails for want of supporting evidence.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).