IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY JACKSON, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:22-CV-2852-K-BK |
| | § | |
| S2 RESIDENTIAL, | § | |
|     DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* case has been referred to the undersigned magistrate judge for pretrial management, which includes making findings and a recommended disposition when appropriate. Before the Court are *Defendant, S2 Management LLC d/b/a S2 Residential's Motion for Summary Judgment*, Doc. 49, and *Plaintiff's Counter Claim* [sic] *Motion for Summary Judgment*, Doc. 55. As detailed herein, Defendant's motion should be **GRANTED**, and Plaintiff's motion should be **DENIED**.

**I. BACKGROUND**

On December 20, 2022, Plaintiff sued Defendant, the management company for his apartment complex, asserting that because of Defendant's racially discriminatory renting of the apartment it knew had a pest control problem, Plaintiff contracted an infectious disease. Doc. 3 at 1-2. Alleging that Defendant violated the Fair Housing Act ("FHA"), Plaintiff seeks $120,000 in monetary damages. Doc. 3 at 1-2; 42 U.S.C. § 3604; *see* Doc. 7 at 1 (responding to the Court's questionnaire that he be paid $40,000 for each of the three times he fumigated the apartment).

In April 2024, after the close of discovery, Plaintiff filed a motion for summary judgment, Doc. 38, which the Court denied. *Jackson v. S2 Residential*, No. 3:22-CV-2852-K-BK, 2024 WL 3350672 (N.D. Tex. May 31, 2024) (Toliver, J.), *adopted by*, 2024 WL 3345458 (N.D. Tex. July 9, 2024) (Kinkeade, J.). Defendant now moves for summary judgment, Doc. 49, and Plaintiff again requests summary judgment, Doc. 55. As the parties have filed their respective responses and replies [Doc. 54, Doc. 55, Doc. 56, Doc. 58], both motions are ripe for adjudication.

## II. APPLICABLE LAW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting a since-amended version of FED. R. CIV. P. 56(c)); FED. R. CIV. P. 56(a), (c). The moving party has the initial burden of "informing the district court of the basis for its motion, . . . which it believes demonstrate[s] the absence of a genuine issue of material fact." *Id.* at 323. Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). But "a party opposing summary judgment may not rest on mere conclusory allegations or denials in its pleadings." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 417 (5th Cir. 2016) (cleaned up).

"Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (cleaned up). When ruling on a motion for summary judgment, the Court must view all facts

and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the same. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). "When parties file cross-motions for summary judgment, [courts] review each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party." *Green v. Life Ins. Co. of N. Am.*, 754 F.3d 324, 329 (5th Cir. 2014) (cleaned up).

### III. ANALYSIS

The FHA makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). Plaintiffs seeking recovery for discrimination under the FHA may proceed under either theory of (1) disparate-impact (also referred to as "disparate-effect" or "discriminatory effects") or (2) disparate-treatment. *See Tex. Dep't of Hous. & Cmty. Affs. v. Inclusive Cmtys. Project, Inc.*, 576 U.S. 519, 524-25 (2015) (holding that disparate-impact cases are cognizable under the FHA); *see also Inclusive Cmtys. Project, Inc. v. Tex. Dep't of Hous. & Cmty. Affs.*, 749 F. Supp. 2d 486, 498-99 (N.D. Tex. Sept. 28, 2010) (Fitzwater, J.) (citing cases). "[A] plaintiff bringing a disparate-impact claim challenges practices that have a 'disproportionately adverse effect on minorities' and are otherwise unjustified by a legitimate rationale." *Tex. Dep't of Hous. & Cmty. Affs.*, 576 U.S. at 525 (quoting *Ricci v. DeStefano*, 557 U.S. 557, 577, (2009)). By contrast, to prevail under a disparate-treatment theory, a "plaintiff must establish that the defendant had a discriminatory intent or motive . . . ." *Id.* (quoting *Ricci*, 557 U.S. at 577).

*A. The Disparate-Treatment Theory of Liability Does Not Apply.*

To bring a prima facie disparate-treatment claim under the FHA, a plaintiff must establish "(1) membership in a protected class, (2) that he applied and was qualified to rent or purchase housing, (3) that he was rejected, and (4) that the housing thereafter remained open to similarly situated applicants." *Crain v. City of Selma*, 952 F.3d 634, 640-41 (5th Cir. 2020) (quoting *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 910 (5th Cir. 2019) (considering § 3604(a) claim)) (cleaned up).  Here, though it is unclear on which theory of liability Plaintiff's claims rely, he does not assert that Defendant rejected him from renting housing—rather, his grievance stems from the alleged uninhabitability of the apartment he was leased.  Doc. 3, *passim*; *compare* § 3604(a) (making it unlawful "[t]o refuse to sell or rent . . . , or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin"), *with* § 3604(b) (making it unlawful "[t]o discriminate . . . in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith").  Thus, construing Plaintiff's claims liberally, the Court finds that he has not asserted a disparate-treatment claim against Defendant and pretermits further discussion of the motions *sub judice* under that theory. *Erickson*, 551 U.S. at 94; *see Collins v. Dall. Leadership Found.*, 77 F.4th 327, 330 (5th Cir. 2023) ("We construe [the plaintiff's] filings liberally because he is a *pro se* litigant.") (cleaned up).  Accordingly, the Court focuses instead on the disparate-impact theory of discrimination under the FHA.

*B. There Is No Genuine Issue of Material Fact Under a Disparate-Impact Theory of Liability.*

Defendant argues summary judgment should be granted in its favor because "there is no evidence in the record to . . . create a genuine issue of material fact" on two essential issues: (1)

4

"any discriminatory motive of the Defendant in either the selection of Plaintiff's apartment or treatment of the alleged condition"; and (2) "any alleged act of the Defendant had a discriminatory effect on members of a protected class." Doc. 49 at 1; Doc. 50 at 1. In response, Plaintiff objects based on: (1) Federal Rule of Civil Procedure 11 regarding sanctions; (2) Rule 37 regarding failures to cooperate in discovery; (3) allegations that Defendant committed perjury and falsified documents; and (4) various other conclusory allegations, legal assertions, and subjective speculations. Doc. 54, *passim*. Upon review of the competent summary judgment evidence and applicable law, the Court finds that Defendant's arguments are valid.

A disparate-impact claim alleging a violation of the FHA's provisions protecting against discrimination "may be established not only by proof of discriminatory intent, but also by proof of a significant discriminatory effect." *Artisan/Am. Corp. v. City of Alvin, Tex.*, 588 F.3d 291, 295 (5th Cir. 2009) (cleaned up). "To survive summary judgment on its claim of discriminatory intent, [a plaintiff] must establish (1) a fact issue as to whether [the defendant]'s stated reason for its decision . . . is pretextual *and* (2) a reasonable inference that race was a significant factor in the refusal." *Id.* (cleaned up) (emphasis in original). "The relevant question in a discriminatory effects claim against a private defendant . . . is whether a policy, procedure, or practice, specifically identified by the plaintiff has a significantly greater discriminatory impact on members of a protected class." *Simms*, 83 F.3d at 1555 (cleaned up).

In the instant case, Plaintiff does not identify an alleged discriminatory policy, procedure, or practice by Defendant, nor does he provide evidence, statistical or otherwise, that such a policy, procedure, or practice had a significantly greater impact on members of a protected class. *See id.* at 1556; *Crain*, 952 F.3d at 641 n.6 ("[T]o the extent [the plaintiff] presses this [disparate-impact] claim on appeal, he has failed to allege that any particular policy or practice of the

defendants . . . had a disparate impact . . . . Thus, this claim fails."). Further, Plaintiff's bald assertions accusing Defendant of "cho[osing] to lease the Plaintiff the infested apartment because of his race, Black[,]"do not constitute competent summary judgment evidence by which a reasonably jury may infer that race was a significant factor in the decision. *Celotex Corp.*, 477 U.S. at 322; *Simms*, 83 F.3d at 1556; *see Turner v. Kansas City S. Ry. Co.*, 675 F.3d 887, 902-03 (5th Cir. 2012) (noting that statements or arguments are not competent evidence to support a motion for summary judgment). Even viewing Plaintiff's assertions that Defendant's motion relies on fabricated evidence in the light most favorable to him, he cannot establish a fact issue without competent summary judgment evidence. *Turner*, 675 F.3d at 902-03. Thus, the Court concludes that Plaintiff has not presented sufficient evidence to establish a violation of the FHA, and his disparate-impact claim fails.

   *C. Plaintiff's Cross-Motion Likewise Fails.*

   Plaintiff moves for summary judgment "on the grounds that the Defendant has only responded with frivolous and unwarranted contentions in litigation." Doc. 55 at 3. In an apparent attempt to demonstrate he has conclusively established his claim, Plaintiff proffers (1) various unsupported and conclusory assertions; (2) 23 exhibits showing, *inter alia*, his dealings with Defendant, actions he took to address the infestation, and medical records regarding his injuries; and (3) a "video recording" elsewhere in the record which he offers to show that Defendant leased an uninhabitable apartment to him. Doc. 55, *passim*; Doc. 54 at 1-2. Defendant objects to Plaintiff's motion on the bases that: (1) the motion "violates Local Rule 56.2(b) as [it] seeks the same relief previously denied by the Court"; (2) it "is untimely pursuant to the operative scheduling order"; and (3) Plaintiff, like in his previous motion, Doc. 38, did not

meet his summary judgment burden. Doc. 58 at 1-2; Doc. 59, *passim.* Again, Defendant's arguments are persuasive.

As Defendant correctly asserts, Plaintiff's motion is subject to dismissal because he has previously moved for summary judgment and did not obtain leave to file a subsequent motion. *See* N.D. TEX. LOC. CIV. R. 56.2(b); Doc. 20; Doc. 38; Doc. 55. Defendant also correctly notes that Plaintiff's motion is untimely under the Court's *Scheduling Order*, which required that all dispositive motions be filed by August 4, 2024. Doc. 26 at 2.

Notwithstanding its procedural shortcomings, Plaintiff's motion for summary judgment also fails on the merits. For essentially the same reasons Defendant's motion succeeds, Plaintiff's cross-motion for summary judgment fails. *See supra.* Regardless of the harm Plaintiff seeks to establish that Defendant caused him, without evidence of racial motivation, Plaintiff's claim fails. And since Plaintiff has not established the absence of a genuine issue of material fact as to his housing discrimination claim, he is not entitled to judgment in his favor as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, *Defendant, S2 Management LLC d/b/a S2 Residential's Motion for Summary Judgment*, Doc. 49, should be **GRANTED**, and *Plaintiff's Counter Claim* [sic] *Motion for Summary Judgment*, Doc. 55, should be **DENIED**. Accordingly, Plaintiff's claims against Defendant should be **DISMISSED WITH PREJUDICE**. And as no claims will remain

pending, the Clerk of the Court should be directed to close this case.

    **SO RECOMMENDED** on February 24, 2025.

*[signature]*

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).